# UNITED STATES DISTRIC COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Wayne Stone, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Bryan P. Stirling, Commissioner, | ) |
| South Carolina Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF BOBBY WAYNE STONE

1. I, Bobby Wayne Stone, am the petitioner in the above captioned case. I am incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina.

2. I understand that the South Carolina state courts have denied relief on all of my direct appeal and post-conviction relief claims, and my case is now ready for federal habeas corpus review.

3. I further understand that under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), I may have new attorneys appointed to represent me in my federal habeas proceedings who could then investigate to see if there are any claims of ineffective assistance of trial counsel that my current post-conviction attorneys, John Blume and Emily Paavola, failed to raise in my state post-conviction relief proceedings. However, I do not want to have new attorneys appointed to represent me. Instead, I want to keep my current attorneys and waive any investigation into potential *Martinez* claims and my right to raise *Martinez* claims if any would be uncovered.

4. Mr. Blume and Ms. Paavola have advised me about the decision in *Martinez*, its importance in capital habeas cases, and the risks involved with my decision to waive my rights

1

under that case. They also told me they wanted me to speak privately with independent attorneys who could offer me their own advice about these issues.

5. On March 10, 2017, I met with attorneys Charles Grose and John Warren, who also spoke to me about *Martinez* and the consequences of the decision I was considering.

6. After receiving this advice and thinking about this issue carefully, I still strongly desire to keep my current attorneys and waive a *Martinez* investigation. I understand that by waiving this investigation, I cannot raise new claims of ineffective assistance of trial counsel in my petition for federal habeas corpus that were not already raised in my state court proceedings below.

7. This decision was my own decision and no one pressured or even encouraged me to waive potential *Martinez* claims.

I declare, under the penalty of perjury, that the above statements are true and correct.

*Bobby Stone* (signature)
Bobby Wayne Stone