

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BOBBY WAYNE STONE, ) | |
| ) | Civil Case No. 2:17-01221-MGL-MGB |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BRYAN P. STIRLING, COMMISIONER, ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, AND ) | |
| JOSEPH MCFADDEN, WARDEN, ) | |
| LIEBER CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondents. ) | |

The petitioner in this capital habeas corpus matter, Bobby Wayne Stone ("Petitioner"), is a state prisoner convicted of murder, burglary in the first degree, and possession of a weapon during the commission of a violent crime, and sentenced to death. This matter is before the court on Petitioner's Motion for Stay of Execution, ECF No. 52, which was filed on November 20, 2017. The same day, Respondents filed a Response, ECF No. 53, and Petitioner filed a Reply, ECF No. 54. Accordingly, the motion to stay is ripe for the court's consideration.

**Background**

Petitioner was convicted of murder, burglary in the first degree, and possession of a weapon during the commission of a violent crime in Sumter County, South Carolina, and subsequently sentenced to death in 1997. On appeal, the South Carolina Supreme Court affirmed Petitioner's convictions, but reversed his death sentence, and remanded the case for

resentencing. In 2006, Petitioner was resentenced, again receiving a death sentence for the murder conviction. In 2007, the South Carolina Supreme Court affirmed Petitioner's death sentence.

On January 23, 2008, Petitioner filed a Petition for Stay of Execution with the South Carolina Supreme Court, so he could pursue available Post-Conviction Relief ("PCR") remedies. On May 2, 2013, the court dismissed Petitioner's PCR application. After hearing motions, on August 14, 2013, the Court filed an Amended Order, again dismissing Petitioner's PCR application.

Petitioner appealed the court's dismissal. On February 8, 2017, the South Carolina Supreme Court affirmed the denial of post-conviction relief. After both parties filed petitions for rehearing, the Court, on March 29, 2017, issued an Order denying both petitions. The same day, the Court issued a Remittitur.

On March 30, 2017, the South Carolina Supreme Court issued an Execution Notice. On March 31, 2017, Petitioner filed a Motion to Stay Execution in this Court. The Court granted that Motion. That stay expired August 2, 2017.

On August 24, 2017, Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court. The State filed a Brief in Opposition, and Petitioner filed a Reply. The United States Supreme Court denied the Petition for Writ of Certiorari on October 30, 2017.

On November 3, 2017, Respondents filed a Status Report in this Court, indicating there was no longer a stay in place, and they would be providing a copy of the Status Report to the South Carolina Supreme Court. On November 6, 2017, the South Carolina Supreme Court issued a Notice of Execution setting Petitioner's execution for December 1, 2017. Petitioner

filed a Motion for Stay of Execution in the South Carolina Supreme Court on November 7, 2017. The Court denied that motion by Order dated November 16, 2017.

On November 20, 2017, Petitioner filed a Placeholder Petition for Writ of Habeas Corpus in this Court. ECF No. 51. The same day, Petitioner filed a Motion for Stay of Execution, ECF No. 52, Respondents filed a Response, ECF No. 53, and Petitioner replied, ECF No. 54.

## Discussion

The federal habeas corpus statute authorizes a federal judge to stay state court proceedings when a habeas corpus proceeding is pending before the court. 28 U.S.C. § 2251(a)(1). Petitioner here has filed a Placeholder Petition for Writ of Habeas Corpus, and thus has a habeas corpus proceeding pending before this Court. Further, Respondents agree a stay is warranted in this case under 28 U.S.C. § 2251(a)(1). Thus, the Court finds a stay is warranted in this case, and will GRANT Petitioner's Motion for Stay of Execution, ECF No. 52.

Having read the Motion, Response, and Reply, it appears there is a dispute between the parties as to when the statute of limitations runs for Petitioner to file a final Petition for Writ of Habeas Corpus with the Court. In order to decide this matter, the Court will DIRECT both Parties to file additional briefing on the issue.

## Conclusion

For the reasons stated above, Petitioner's Motion for Stay of Execution, ECF No. 52, is **GRANTED**. Additionally, as requested in Petitioner's motion, Respondents are **DIRECTED** not to file a response to Petitioner's Petition for Writ of Habeas Corpus until Petitioner's final Petition is filed.

The parties are hereby **DIRECTED** to file additional briefing on the issue of when the statute of limitations runs for Petitioner to file a final Petition for Writ of Habeas Corpus with

4

the Court.  Petitioner's brief shall be filed by December 1, 2017.  Respondent's Brief shall be filed within ten days after Petitioner's Brief is filed.

**IT IS SO ORDERED**.

Signed this 21st day of November, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE